972 F.2d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
K.C.O.P. TELEVISION, CHANNEL # 13, INC., Plaintiff-Appellee,
v.
TELEMUNDO GROUP, INC., Estrella Communication, Inc.,
Defendants-Appellants.
 No. 92-55170.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 7, 1992.
Decided July 23, 1992.
 
 Before FARRIS, WIGGINS and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Telemundo Group, Inc., appeals the district court's order enjoining its broadcast of seven MGM movies.[1] The district court held that Telemundo had infringed upon the license granted to KCOP Television, Inc., by MGM-Pathe Communications Co. Telemundo argues that KCOP failed to establish that: 1) it had a reasonable likelihood of success on the merits; or 2) the balance of hardships tips sharply in its favor. We affirm.
 
 
 3
 Review of a preliminary injunction is very limited. Apple Computer Inc. v. Formula Int'l, Inc., 725 F.2d 521, 523 (9th Cir.1984). We "must determine whether the district court applied the proper legal standard in issuing the injunction and whether it abused its discretion in applying that standard." Carribean Marine Services Co. v. Baldrige, 844 F.2d 668, 673 (9th Cir.1988). The movant must establish: 1) a likelihood of success on the merits and the possibility of irreparable injury; or 2) serious questions going to the merits and that the balance of hardships tips sharply in its favor. Johnson Controls, Inc. v. Phoenix Control Systems, Inc., 886 F.2d 1173, 1174 (9th Cir.1989). In copyright infringement claims, a showing of success on the merits raises a presumption of irreparable harm. Apple Computer, 725 F.2d at 525.
 
 
 4
 To establish copyright infringement, KCOP must prove that: 1) it owned a copyright; and 2) Telemundo broadcast an expression protected by KCOP's copyright. Johnson Controls, 886 F.2d at 1175. It is undisputed that KCOP is licensed to broadcast the MGM movies in English. The question is whether the licensing agreements also granted a Spanish broadcast copyright.
 
 
 5
 Paragraph 20 of the KCOP-MGM contract states that each agreement must conform to the provisions of the Exclusivity Contract attached as Rider A, and that Rider A "sets forth in full the provisions pertinent to the duration, nature and extent of the exclusivity terms concerning broadcast signal exhibition...." Further, paragraph 20 states that Rider A prevails if it conflicts any other provision of the Licensing Agreement. Rider A provides that:
 
 
 6
 Whereas, the Licensee Station desires to exhibit exclusively the Program or Programs ...
 
 
 7
 Licensor agrees that for the period of the duration of the License, it shall not license the Program or Programs ... for
 
 
 8
 Exhibition by any other television station, pay or free (i.e. subscription or nonsubscription), licensed to the designated communities [Los Angeles and surrounding areas]; and
 
 
 9
 Exhibition by any other television station, pay or free (i.e. subscription or nonsubscription), licensed to a community within 35 miles from the reference point for Los Angeles [as specified by FCC rules]....
 
 
 10
 KCOP contends that Rider A's broad language covers broadcasts in all languages and is controlling. Telemundo argues that MGM only granted KCOP a license for English broadcasts because: 1) page one of Schedule A (listing movies and license fees) states that KCOP may only broadcast the movies in English; 2) a 1986 agreement expressly grants KCOP Spanish and English broadcast rights; and 3) Paragraph 16 (the Reservation of Rights clause) limits the scope of the KCOP's license.
 
 
 11
 Contractual exclusivity provisions should be interpreted in light the entire agreement. See Hubbard Broadcasting v. Southern Satellite Systems, 593 F.Supp. 808, 810-11 (D.Minn.1984), aff'd, 777 F.2d 393 (8th Cir.1985), cert. denied, 479 U.S. 1005 (1986). A reviewing court must interpret terms of the agreement consistently. U.S. Naval Institute v. Charter Communications, 875 F.2d 1044, 1049 (2d Cir.1989). An interpretation "may not rewrite into a contract conditions the parties did not insert by adding or excising terms under the guise of construction...." Slamow v. Delcol, 571 N.Y.S.2d 335, 336 (N.Y.App.1991), aff'd, 79 N.Y.S.2d 1016 (N.Y.1992).
 
 
 12
 Rider A, in conjunction with paragraph 20, raises a reasonable likelihood of success on the merits of KCOP's claim. Paragraph 20 provides that Rider A prevails in any conflict with other contractual provisions. Rider A grants KCOP exclusive broadcast rights, and states that no other television station may broadcast the copyrighted movies. Rider A does not limit this exclusive right to English-only broadcasts.
 
 
 13
 Even assuming that Telemundo's interpretation is reasonable, we would still affirm the district court. The meaning of a contract term susceptible to two or more reasonable interpretations is an issue of fact, to be determined by examining the parties' intent. Charter Communications, 875 F.2d at 1048. Evidence of industry custom and practice is admissible to determine intent. Id. at 1049.
 
 
 14
 KCOP's submissions are dispositive. KCOP's programming director declared that she believed all five licensing agreements granted the right to exclusively broadcast the MGM movies in all languages. Further, a MGM executive stated that he believed the 1980 agreement prohibited Telemundo's Spanish broadcasts. Telemundo has failed to rebut KCOP's extrinsic evidence establishing that KCOP has a license which precludes others from broadcasting the movies in Spanish.
 
 
 15
 Because KCOP has shown a likelihood of success on the merits, irreparable harm is automatically established. See Apple Computer, 725 F.2d at 525. We need not determine whether the hardships tip sharply in KCOP's direction. See e.g., Int'l Molders & Allied Workers Local 164 v. Nelson, 799 F.2d 547, 550-51 (9th Cir.1986).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 KCOP's license for "The Big Country" expired February 14, 1992. Telemundo has conceded that the district court properly enjoined broadcasts of "The Mechanic" because it was covered by a dual language agreement. Since "A Fistful of Dollars" was listed in the same contract, the district court properly enjoined it as well. This appeal therefore concerns only four movies: 1) "The Alamo"; 2) "Thunderbolt and Lightning"; 3) "West Side Story"; and 4) "Juggernaut"